## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

KEVIN STROUD,

    Plaintiff,

v.                                                                    Case No.:

LITTLEFIELD CORPORATION;
PENSACOLA ONE, INC.; AHM
SERVICES, INC., d/b/a AHM
MANAGEMENT; and RICHARD
BUNKLEY,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Kevin Stroud, by and through his undersigned counsel, and hereby files this Initial Complaint against defendants, Littlefield Corporation; Pensacola One, Inc.; AHM Services, Inc., d/b/a AHM Management; and Richard Bunkley, and alleges:

### *I. Jurisdiction and Venue*

1.    This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.* This Court also has supplemental/pendant jurisdiction over plaintiff's minimum wage claims under the Florida Minimum Wage Act (FMWA) and Section 24, Article X of the Florida Constitution.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendants have an office and operate in this district; plaintiff was employed, previously paid, and worked in this district; all causes of action accrued in this district; and defendants are subject to personal jurisdiction in this district.

## *II. Parties*

3. At all times relevant hereto, plaintiff, Kevin Stroud, worked at a bingo establishment known as Town & Country Bingo which was owned, operated, and/or controlled by one or more of the defendants.

4. At times relevant hereto, defendant Littlefield Corporation exercised control over Town & Country Bingo's operations and played a substantial role in determining the compensation of plaintiff in his employment. It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant Littlefield Corporation is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida law.

6. At times relevant hereto, defendant Pensacola One, Inc. exercised control over Town & Country Bingo's operations and played a substantial role in determining the compensation of plaintiff in his employment. It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

7. Defendant Pensacola One, Inc. is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida law.

8. At times relevant hereto, defendant AHM Services, Inc d/b/a AHM Management (hereinafter "AHM") exercised control over Town & Country Bingo's operations and played a substantial role in determining the compensation of plaintiff in his employment. It also employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

9. Defendant AHM is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida law.

10. Defendant Richard Bunkley was at times relevant hereto the chief

operating officer, corporate officer, and/or manager of Littlefield Corporation; Pensacola One, Inc.; and AHM; exercised control over those entities' operations at Town & Country Bingo, and played a substantial role in determining the compensation of plaintiff in his employment with those entities.  In those capacities, defendant Richard Bunkley employed two or more employees engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that had moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

11. Defendant Richard Bunkley is subject to, and not exempt from, the provisions of the FLSA as well as the minimum wage requirements of Florida laws.

### III.  Factual Allegations

12. Defendants owned and operated at least one bingo hall in Northwest Florida, which operated under the name Town & Country Bingo and was located at 3300 North Pace Boulevard, Pensacola, Florida.

13. Plaintiff began working for defendants at Town & Country Bingo on or about September 1, 2014.  At times pertinent hereto, he was jointly employed as an "employee" of defendants within the meaning of the FLSA, and the defendants were his "employers."

14. Defendants Littlefield Corporation; Pensacola One, Inc.; AHM; and Richard Bunkley were at all times relevant hereto engaged in commercial activities and competed with other private businesses through their operation and control of Town & Country Bingo.

15. At all times relevant hereto, while plaintiff was working for and jointly employed as an "employee" by Littlefield Corporation; Pensacola One, Inc.; AHM; and Richard Bunkley, plaintiff was required to share the tips he received with management.

16. Prior to May 1, 2018, plaintiff received some wages from defendant on a "per shift" basis. However, defendants failed to compensate him in accordance with the minimum wage and overtime requirements.

17. In or around May 2018, defendant Richard Bunkley advised employees, including plaintiff, that they would no longer be paid for <u>any</u> of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons. Consequently, on and after May 1, 2018, plaintiff was paid no wages for his labor at Town & Country Bingo, despite the fact that defendants were his employers.

18. Additionally, when plaintiff worked in excess of 40 hours in a workweek he was not paid overtime compensation.

19. At all times relevant hereto, Town & Country Bingo, as operated and controlled by defendants, sold and hosted games of chance, participated in the gambling and/or entertainment sectors of the economy, and otherwise engaged in commercial activities and competed with other private businesses.

20. Plaintiff's employment with defendants at Town & Country Bingo ended on or about March 20, 2022.

21. Upon information and belief, defendants failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### IV.  Count I -- Violation of Fair Labor Standards Act
### (Minimum Wages)

22. Plaintiff realleges and incorporates herein paragraphs 1 through 21, above.

23. Defendants are subject to, and not exempt from, the provisions of the FLSA.

24. Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

25. Nevertheless, defendants failed to compensate him at the legally required wage at times relevant hereto.

26. Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

27. As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for his labor at the legally required rate.

28. Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which he may be entitled.

### V.  Count II -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

29. Plaintiff realleges and incorporates herein paragraphs 1 through 21, above.

30. Defendants are subject to, and not exempt from, the provisions of the FLSA.

31. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

32. Throughout plaintiff's employment with defendants, defendants were

fully aware of the FLSA and the obligations imposed by it to pay overtime compensation for hours worked by plaintiff in excess of 40 hours in a workweek.

33.     Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay him overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

34.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for his labor at the legally required rate.

35.     Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which he may be entitled.

### VI.  Count III  -- Florida Minimum Wage Act Claim
### (Section 448.110, *Florida Statutes*)

36.     Plaintiff realleges and incorporates herein paragraphs 1 through 21, above.

37.     Defendants are subject to, and not exempt from, the provisions of the Florida Minimum Wage Act (FMWA), which is codified in Section 448.110,

Florida Statutes.

38.     Plaintiff was entitled to, and not exempt from, the protections and provisions of the FMWA.  Additionally, there were no exemptions under the FMWA which would be applicable to plaintiff.

39.     Throughout 2017, the minimum wage required pursuant to Florida law was $8.10 per hour.  In 2018 it was $8.25 per hour, in 2019 it was $8.46 per hour, and in 2020 it was $8.56 per hour.  From January 1, 2021 through September 29, 2021 the minimum wage required pursuant to Florida law was $8.65 per hour.  From September 30, 2021 through the remainder of plaintiff's employment, Florida minimum wage was $10 per hour.  Defendants were also fully aware of these requirements.

40.     Nevertheless, defendants failed to compensate plaintiff for his labor in accordance with these requirements.  Moreover, from May 1, 2018 defendants wholly failed to compensate plaintiff at all for his labor.  Such conduct of defendants constituted a violation of the FMWA, as well as a willful and intentional violation thereof.

41.     As a result of defendants' violation of the FMWA, plaintiff has been denied compensation for his labor at the legally required rate.

42.     Plaintiff has complied with the pre-suit requirements delineated in Section 448.110(6), Florida Statutes, as he provided defendants 15 calendar days

written notice of his intent to initiate an action for violations of the FMWA, during which time his claims were not resolved.

43. Moreover, plaintiff has had to retain an attorney in order to collect the minimum wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; injunctive relief; costs; attorneys' fees; and any other relief to which he may be entitled.

### VII.  Count IV  -- Florida Minimum Wage Act Claim
### (Section 24, Article X, Florida Constitution)

44. Plaintiff realleges and incorporates herein paragraphs 1 through 21, and 39, above.

45. Defendants are subject to, and not exempt from, the minimum wage requirements articulated in Section 24, Article X of the Florida Constitution.

46. Plaintiff was entitled to, and not exempt from, the minimum wage protections and provisions of the Florida Constitution.  Additionally, there were no exemptions to the minimum wage requirements of the Florida Constitution which would be applicable to plaintiff.

47. Nevertheless, defendants failed to compensate plaintiff in accordance with his rights under Section 24, Article X of the Florida Constitution.  Such

conduct of defendants constituted a violation of plaintiff's minimum wage rights under the Florida Constitution, as well as a willful and intentional violation thereof.

48. As a result of defendants' violation of the minimum wage requirements of the Florida Constitution, plaintiff has been denied compensation for his labor at the legally required rate.

49. All conditions precedent to bringing this action, if any, have occurred or have been met.

50. Moreover, plaintiff has had to retain an attorney in order to collect the minimum wages owed to him by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages; an additional equal amount as liquidated damages; interest, including pre-judgment interest; injunctive relief; costs; attorneys' fees; and any other relief to which he may be entitled.

*Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.*

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida 32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff

12