UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHERRY SUGGS,

     Plaintiff,

v.                          Lead Case No. 3:22-cv-6050-MCR-HTC
                               Member Case No. 3:22-cv-6343-MCR-HTC

LITTLEFIELD CORPORATION,
et al.

     Defendants.
_____/

## REPORT AND RECOMMENDATION

     This matter comes before the Court on Defendants' motion to strike Plaintiff Sherry Suggs' Complaint. ECF Doc. 21. Upon consideration of the motion, Suggs' response, ECF Doc. 24,[1] and the relevant law, the undersigned recommends the motion be DENIED.

     Suggs was a manager at Town & Country Bingo. ECF Doc. 21-1 at 9. She is one of several individuals in these consolidated cases who have sued Defendants for violating the Fair Labor Standards Act ("FLSA") and its state counterpart. Suggs and the other Plaintiffs allege they are employees of the Defendants and, thus, should

_____

[1] Defendants filed a reply to Plaintiff's response on January 17, 2023, ECF Doc. 30, and filed a notice of withdrawal of that reply on the same day, ECF Doc. 31. Thus, the undersigned did not consider the reply.

have been paid consistent with the FLSA.  Defendants contend they never employed Plaintiffs and that Plaintiffs were volunteers for the qualified sponsoring charities which operated the bingo halls.  *See* Fla. Stat. § 849.0931.

In Defendants' motion, they argue this Court should strike Suggs' complaint as a sanction for Suggs' alleged perjurious conduct.  Specifically, Defendants contend that Suggs testified in a deposition in 2020 (prior to becoming a plaintiff in these cases) that she was a volunteer and that she worked for Pensacola Charitable Bingo, rather than for Defendants.[2]  Yet, in 2022, after filing suit, Suggs testified in this case that she was an employee of Defendants.  Thus, Defendants argue Plaintiff has perjured herself in her deposition testimony taken in this action.  Suggs responds that her deposition testimonies are not inconsistent, much less perjurious, and, regardless, Defendants have not shown lesser sanctions are inappropriate.

It is undisputed that the Court has inherent authority to issue sanctions to prevent or curb abusive litigation tactics.[3]  *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 632, (1962); *see also Peer v. Lewis,* 606 F.3d 1306, 1316 (11th Cir. 2010).  Such inherent power may be appropriately exercised particularly where a party

---

[2] Plaintiff was deposed in *Free v. Littlefield*, 3:20-cv-4326-TKW-HTC and *Locke v. Littlefield*, 3:20-cv-5258-TKW-HTC.

[3] In addition to the Court's inherent authority, Defendants also reference Fed. R. Civ. P. 11(b) as a basis for striking the complaint.  Rule 11, however, does not apply because there is no indication Defendants complied with the safe harbor provision, which requires the moving party to serve the motion at least twenty-one (21) days before filing the motion to allow the responding party to withdraw the offending document or claim.  Fed. R. Civ. P. 11.

"commits perjury or ... doctors evidence" that "relates to the pivotal or 'linchpin' issue in the case." *Qantum Commc'ns. Corp. v. Star Broad., Inc.*, 473 F. Supp. 2d 1249, 1269 (S.D. Fla. 2007) (citing *Vargas v. Peltz*, 901 F. Supp. 1572, 1581–82 (S.D. Fla. 1995)). However, for the court to exercise its inherent power, the court must find the party has acted in bad faith. *See Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (alteration in original) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("[t]he key to unlocking a court's inherent power is a finding of bad faith")). Likewise, before a court hands out a severe sanction of a dismissal or default judgment, the court must find clear and convincing evidence that a litigant engaged in bad-faith discovery abuses. *Shepherd v. Am. Broad. Cos.,* 62 F.3d 1469, 1472–73 (D.C. Cir. 1995); *Qantum Commc'ns. Corp.,* 473 F. Supp. 2d at 1277 (finding by clear and convincing evidence that litigant engaged in abusive conduct and that no sanction less than default judgment and fees would sufficiently deter and punish improper conduct). The court must also consider whether less drastic sanctions may be appropriate. *In re Sunshine Jr. Stores, Inc.,* 456 F.3d 1291, 1306 (11th Cir. 2006).

While calling it a motion to strike, what Defendants actually seek is a dismissal of Suggs' complaint. Defendants, however, have provided no evidence to warrant such a harsh sanction and state in a conclusory fashion that lesser sanctions are inadequate. The Court agrees with Plaintiff that Defendants have failed to show

Plaintiff gave perjurious testimony.  Defendants have presented no evidence, for example, to show that Plaintiff knowingly made a false representation under oath during either the 2020 or 2022 depositions.  The fact that her answers were different does not mean she lied either time or committed fraud on the court.  Instead, as Plaintiff explains in her opposition, the reason her answers were different is that she obtained additional knowledge about the owners and operators of Town & Country Bingo and her role at the bingo hall between the two depositions.  A review of her deposition transcripts bears out this argument.

For example, Plaintiff testified in 2020 that she worked for Pensacola Charitable Bingo, because that is where her checks came from.  ECF Doc. 21-1 at 11, 18.  When she was asked who Mr. Flournoy, her manager, worked for, she said, "I really don't know.  I mean, I know we worked for the charities.  The charities run our bingo.  So I suppose the charities." *Id.* at 12-13.  She further testified she "really never understood" Town & Country Bingo's relationship with Defendant Littlefield Corporation.  ECF Doc. 21-1 at 17.  When Plaintiff was asked if she understood Littlefield and/or Pensacola One played a role in Town and Country's filing inventory, she answered that she did not "really understand any of it."  ECF Doc. 21-2 at 51.  It is clear from Plaintiff's 2020 deposition testimony that she did not know exactly who the owners and operators of the bingo halls were.  Thus, her

answer that she worked for Pensacola Charitable Bingos arose out of her lack of knowledge and not bad faith.[4]

Similarly, the Court finds no evidence Plaintiff perjured herself when she testified that she was an employee rather than a volunteer. Even though Plaintiff testified in 2020 she was a volunteer, she also testified that she made a living working at the bingo hall and her income consisted of tips. ECF Doc. 21-1 at 9-10. Moreover, it is clear from the record that after 2018, the bingo hall workers were told they were volunteers. Indeed, according to Plaintiff, she signed a document stating she was a volunteer because she was directed to do so after 2018 by the Defendants. The fact that she has since learned that she may actually have been an employee rather than a volunteer does not mean that she perjured herself. Regardless, as Plaintiff points out it is irrelevant whether Plaintiff called herself a volunteer or whether Defendants called Plaintiff a volunteer. What is relevant is whether Plaintiff worked "without promise or expectation of compensation, but solely for their personal purpose or pleasure." *See Williams v. Bigtop Bingo, Inc.*, 3:20-cv-2377-TKW-HTC, ECF Doc. 70 at 37 (citing *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985)).

---

[4] As Defendants explain it in their motion for summary judgment, ECF Doc. 22, the charities lease time and space from Town & Country Bingo, a tradename of the charitable bingo hall, through Defendant corporation Pensacola One, Inc., which is a wholly owned subsidiary of Defendant Littlefield. Pensacola Charitable Bingo Association is an informal group of sponsoring charities. It is not surprising that Suggs did not have a grasp of how these companies interacted or were related.

The cases relied upon by Defendants are inapposite because in each case, the party's conduct was clearly egregious.  In *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995), for example, the court dismissed the action because the plaintiff presented false evidence.  In *Combs v. Rockwell Intern. Corp.*, 927 F.2d 486, 488 (9th Cir. 1991), the court sanctioned a party for authorizing his counsel to alter a deposition.  Those cases are a far cry from the facts presented here.  Finally, dismissing Plaintiff's case is not the way to address potentially inconsistent testimonies.  As Defendants do in their motion for summary judgment, the way to address Plaintiff's inconsistent statements is to use them to try to impeach the Plaintiff or raise a question as to her credibility and bias.

Accordingly, it is respectfully RECOMMENDED that:

Defendants' motion to strike Plaintiff Sherry Suggs' complaint, ECF Doc. 21, be DENIED.

At Pensacola, Florida, this 20th day of January 2023.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

3:22-cv-6050-MCR-HTC (lead case); 3:22-cv-6343-MCR-HTC (member case)

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**